**2022-2121**

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

**LAKSHMI ARUNACHALAM,**
*Plaintiff-Appellant,*

**V.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION, JPMORGAN CHASE & CO., SAP AMERICA, INC., EDWARD L. TULIN, KEVIN J. CULLIGAN, THARAN GREGORY LANIER, APPLE INC., FACEBOOK, INC., ALPHABET INC., MICROSOFT CORPORATION, FISERV, INC., WELLS FARGO BANK, N.A., FULTON FINANCIAL CORPORATION, SAMSUNG ELECTRONICS AMERICA, INC., ECLIPSE FOUNDATION, INC., CLAIRE T. CORMIER, DOUGLAS R. NEMEC, JOSEPH M. BEAUCHAMP, MICHAEL Q. LEE, DAVID ELLIS MOORE, MARK J. ABATE, MATTHEW JOHN PARKER, SASHA G. RAO, ROBERT SCOTT SAUNDERS, JESSICA R. KUNZ, CITIGROUP, INC., CITICORP, CITIBANK, N.A., RAMSEY M. AL-SALAM, CANDICE CLAIRE DECAIRE, GARTH WINN, MICHAEL J. SACKSTEDER, ALAN D. ALBRIGHT, KRISTIE DAVIS, ROBERT W. SCHROEDER, III, CAROLINE CRAVEN, RYAN T. HOLTE, LYFT, INC., UBER TECHNOLOGIES, INC., EXXON MOBIL CORPORATION, INTUIT, INC., JOHN ALLEN YATES, JOHN H. BARR, JR., ANDREW JAMES ISBESTER, DOMINICK T. GATTUSO, KRONOS INCORPORATED, SCOTT DAVID BOLDEN, LORI A. GORDON,**
*Defendants-Appellees,*

---

Appeal from the United States District Court for the District of Delaware in Case No. 1:20-cv-01020-LPS/GBW, Judge Leonard P. Stark/Maryellen Noreika

---

**PLAINTIFF-APPELLANT LAKSHMI ARUNACHALAM'S
CORRECTED OPENING APPEAL BRIEF,
PER COURT'S CORRECTED ORDER ECF 144**

September 28, 2023

Dr. Lakshmi Arunachalam,
222 Stanford Avenue,
Menlo Park, CA 94025
Tel: 650.690.0995

*Pro Se Plaintiff-Appellant,
Lakshmi Arunachalam*

RECEIVED

OCT 02 2023

United States Court of Appeals
For the Federal Circuit

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………....iii

STATUTES…………………………………………………………… iii

STATEMENT OF RELATED CASES……………………………………....iv

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF ISSUES ................................................................................1

STATEMENT OF CASE ................................................................................3

STATEMENT OF FACTS ................................................................................3

SUMMARY OF ARGUMENT ................................................................8

ARGUMENT ................................................................................8

I.        Standard of Review................................................................9

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ...............................14

CERTIFICATE OF SERVICE ................................................................15

CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)(B)…. .......................19

ADDENDUM …………………………………………………………..20

# TABLE OF AUTHORITIES

**<u>Cases</u>**:

*Centripetal Networks, Inc. v. Cisco Sys., Inc.,*
    38 F.4th 1025 (Fed. Cir. 2022)................................................. 9, 10

*Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.,*
    535 U.S. 722 (2002)........................................................................14

*Kumar v. Ovonic Battery Co., Inc. And Energy Conversion Devices, Inc.,*
    Fed. Cir. 02-1551, -1574, 03-1091 (2003),
    351 F.3d 1364, 1368, 69. (2004)...................................................14

*Von Hoffman v City of Quincy,*
    71 U.S.(4 Wall.) 535, 552, 554, 604 (1867),......................................14

**<u>Statutes</u>**:
28 U.S.C. §1295 .........................................................................................1

28 U.S.C. §1331 .........................................................................................1

28 U.S.C. §1338(a) ....................................................................................1

## STATEMENT OF RELATED CASES

No appeal in this case has been before any appellate court. No other case known to

Lakshmi Arunachalam will directly affect or be directly affected by this appeal

## JURISDICTIONAL STATEMENT

U.S. District Court for the District of Delaware ("DED") alleges to have subject matter jurisdiction under 28 U.S.C. §§1331, 1338(a). This Court ("CAFC") has appellate jurisdiction under 28 U.S.C. §1295 over the District Court's Order(s). Notice of Appeal was filed 7/6/2022, transmitted by DED on 8/5/202 to CAFC and docketed by CAFC on 8/16/22. On 6/5/23, CAFC Order let Appellant appeal solely the District Court's 7/6/22 Fee Waiver Denial Order. On 8/2/23, Appellant timely filed her Opening Appeal Brief that District Court's 7/6/22 Fee Waiver Denial was reversed by CAFC 12/21/22. Appellant thanks CAFC for its Corrected Order of 9/5/23, allowing Appellant to appeal the 6/23/22 filing injunction Order.

## STATEMENT OF ISSUES

I.     CAFC'S VALUABLE PRECEDENTIAL RULING ON VACATUR OF JUDICIAL DECISIONS WHEN A JUDGE HAS DISQUALIFYING FINANCIAL INTEREST. *Centripetal Networks, Inc. v. Cisco Sys., Inc.,* 38 F.4th 1025 (Fed. Cir. 2022).

II.    DISTRICT COURT'S FILING INJUNCTION, CONTRARY TO PATENT STATUTES, PUNISHING LAWFUL DEFENSE, IS A COVER-UP FOR DISTRICT COURT ERRORS, PROPAGATED FOR A DECADE, INTO UNDERLYING CASE 1:20-CV-1020.

No Case Management Conference in over a decade, No Discovery, No Hearing, No Evidence of "vexatious litigant" — No basis in fact or the law.

III.   DISTRICT COURT AND PTAB JUDGES HELD UNDISCLOSED DISQUALIFYING FINANCIAL INTERESTS IN A LITIGANT INVOLVING THE PATENTS-IN-SUIT, DENYING PLAINTIFF HER RIGHT TO A NEUTRAL JUDGE — A MATERIAL COURT ERROR.

28 U.S.C. 455 requires the recusal of any Judge whose "impartiality might reasonably be questioned" or who "has a financial interest in a party to the proceeding." On 2/9/16, Andrews ("RGA") admitted holding common stock in a litigant stock three years into the case. PTAB Judges McNamara, Siu punished Plaintiff for pointing out they held common stock in a litigant.

## IV. ON 5/8/2015, JUDGE ROBINSON ("SLR") DISQUALIFIED HERSELF FROM CASE 12-282-RGA UPON PLAINTIFF'S MOTION OF SLR'S CONFLICTS OF INTEREST—NO VACATUR TO DATE — A <u>MATERIAL COURT ERROR.</u>

District Court Orders are void in Cases 12-282; 14-490; and all of Plaintiff's cases.

## V. ON 5/14/2014, SLR FAILED TO APPLY PATENT PROSECUTION HISTORY— A <u>MATERIAL COURT ERROR.</u>

Claim terms were defined in the Patent Prosecution History and are not indefinite.

## VI. COURT's "<u>TYPO ERROR</u>" WAS A <u>MATERIAL ERROR.</u>

It denied Appellant's right to appeal the District Court's denial of Appellant's right to sue.

## VII. CAFC JUDGE STARK DISQUALIFIED FROM RULING ON THE APPEAL OF HIS OWN RULING IN THE DISTRICT COURT CASE 1:20-CV-1020 — JUDGE NOREIKA COPIED VERBATIM DISTRICT COURT JUDGE STARK'S 12/29/21 ORDER D.I.s 258/259.

All Orders by CAFC Judge Stark in this Appeal are void, including the dismissal of the civil rights case in the lower court as untimely.

## VIII. <u>THE FACTS AND THE LAW</u> PRESENTED BY APPELLANT <u>STAY SOLIDLY VALID IN PERPETUITY</u>.

## STATEMENT OF CASE

The Section *supra* on Statement of Issues is incorporated by reference herewith as if stated fully herein in this Section. This Appeal is about District Court Errors.

### I.    THE DISTRICT COURT'S ERRORS DO NOT MAKE APPELLANT A "VEXATIOUS LITIGANT" NOR REQUIRING A FILING INJUNCTION.

The District and Appellate Courts have no evidence that Appellant Dr. Lakshmi Arunachalam ("Dr. A") is a "vexatious litigant." Dubbing her a "vexatious litigant" and imposing a filing injunction is merely to cover up the multiple courts' own errors, propagated for over a decade fraudulently by the Defendants-Appellees to their own advantage.

## STATEMENT OF FACTS

The Sections *supra* on Statement of Issues, Statement of Case are incorporated by reference herewith as if stated fully herein in this Section.

### I.    APPELLANT IS THE INVENTOR OF THE INTERNET OF THINGS (IoT) – WEB APPS DISPLAYED ON A WEB BROWSER.

The U.S. Government granted Dr. A a dozen patents with a priority date of 1995, which every business and consumer is using. They are the earliest Internet patents for Web Apps, pre-dating Microsoft's 1997 patent applications for SOAP. There is no prior art. Her inventions are the most significant, since electricity and the telephone.  Examples of her IoT machines are the millions of Web Apps in Apple's

App Store in Apple's iPhone, Google Play in Android devices, Web banking Web Apps, healthcare Web Apps, Facebook, Twitter, Lyft, Uber, AI and ChatGPT.

Microsoft filed a DJ Action against Dr. A's Company, WebXchange, Inc., Case C08-05149-WHA (N.D.Ca). **Judge Alsup ruled in her favor against Microsoft** that "Microsoft manufactured a controversy where none exists...," that Microsoft "must plead its best case," should it wish to amend its complaint by the deadline or the case would be dismissed with prejudice; Microsoft withdrew and sued her in Delaware. In Case 1:09-cv-00484-JJF (D.Del.), **Judge Farnan ruled in her favor against Microsoft**. Larry Goodwin of Kasowitz lawfirm won against Microsoft for her. Every time she won, Microsoft filed for re-exam at the USPTO against her patents. She has been injured by Big-Tech stealing her inventions **after signing NDAs with her companies**. Big-Tech's unjust enrichment far exceeds trillions of dollars. JPMorgan's website states it has over 7000 Web applications in use in just *one* Business Unit.

## II.    DISTRICT COURT ERRORS

*See supra* pp1-2. *See* attached   three Timeline diagrams, on undisclosed disqualifying financial interests of Judges_Andrews ("RGA"), Judge Robinson ("SLR") and PTAB Judges McNamara and Stephen C. Siu during the pendency of cases 12-282 and 12-490 and all her other cases involving the same patents-in-suit. RGA denied Dr. A's Motions to Substitute as Plaintiff as the Real-Party-in-Interest

# Timeline of RGA in Fulton

Pi-Net International, Inc. v. Fulton Financial Corporation   Case: 14-00490-RGA



# Timeline of RGA in 12-282-RGA: *Pi-Net v JPMorgan Chase & Co.*



# Timeline of RGA in 12-282-RGA: *Pi-Net v JPMorgan Chase & Co.*

## * Footnotes:

**Item 3: May 14, 2014**
JPM's MSJ granted, <u>without applying Patent Prosecution History Estoppel or *stare decisis* Supreme Court precedents</u>.

**Item 9: May 08, 2015**
<u>Judge Robinson Recused upon motion of conflicts.</u>

**Item 11: Feb 19, 2016**
RGA admits he bought JPM stock 3 years earlier. **Denied Dr A's Motions to Substitute as Plaintiff, being the Real-Party-In-Interest and Assignee of Patents-in-suit, so as <u>to not allow her to appeal;</u> Denied Motions to Recuse & Vacate;** <u>Denied</u> Dr. A <u>due process.</u>

**Item 12: Today**
RGA <u>continues to retaliate</u> in all of Dr A's Cases, Wells Fargo Bank, Citigroup, Citizens Financial Group, Fulton Financial Corporation, Kronos, IBM, SAP, JP Morgan Chase & Co., <u>after he lost subject matter jurisdiction upon buying JPM stock</u>. <u>He refused to recuse, refused to prove jurisdiction upon challenge</u>. RGA retaliated by dismissing all of Dr A's cases without a hearing. Ordered Defendants not to answer her Complaint and dismissed the Complaint without a Hearing. <u>Two years after her Supreme Court Appeal, RGA ordered Defendants to untimely move for attorney's fees and granted $148K to Defendants for being in default</u>. RGA called Dr A a vexatious litigant, for his own misconduct.

12-00355-RGA  Citizens Financial Group, Inc.
13-01812-RGA  Wells Fargo Bank
14-00091-RGA  Kronos
14-00373-RGA  Citigroup, Inc.
14-00490-RGA  Fulton Financial Corporation
15-00259-RGA  Pazuniak
16-00281-RGA  IBM, SAP, JP Morgan

# Timeline: 20-1020(DE)/Fed Ckt Appeal 22-2121:*Arunachalam v. IBM, et al*

Dr. A. has been seriously ill, undergoing medical treatment at Stanford Hospital. CAFC has not granted to date her Emergency Motions to stay the briefing schedule until 1/1/24 on compassionate grounds for medical reasons, threatening to dismiss the Appeal for failure to prosecute, allowing her to appeal DE court's denial of IFP on Jul 6, 2022, which CAFC already reversed on 12/21/2022, and not the real appeal on dismissal of civil rights case nor vexatious litigant ruling. Can someone explain what is going on?



- 01 — Judge Stark DE DI 258/259 Order to Show Cause. No Case Management Conference in 2 years. *
  Dec 29 — 2021
- 02 — Dr. A filed timely response DI 263 to DE Order DI 258/259 to show cause.
  Jan 31 — 2022
- 03 — Final Judgment    DI 266 in DE*
  Jun 23
- 04 — Dr. A timely filed NOA of DI 258/259/266; DI 269 denied IFP *
  Jul 6
- 05 — DE transmitted NOA to Fed Ckt. DE DI 276 denied IFP *
  Aug 5
- 06 — Fed Ckt ECF 1 docketed Appeal 22-2121 as timely
  Aug 16
- 07 — Dr. A timely filed IFP, ECF 2 in Fed Ckt per Order ECF 1
  Aug 22
- 08 — Fed Ckt ECF 112 Granted IFP/Fee Waiver, reversed DE DI 269, 276, which denied IFP
  Dec 21
- 09 — Fed Ckt ECF 121 stayed briefing, whether it has jurisdiction or 3rd Ckt
  Feb 27
- 10 — Dr. A. filed timely response ECF 122/128/129/130 to appeal of DE DI 239 as FALSELY UNTIMELY, ECF 125-127, Fed Ckt removed her responses ECF 129/130.
  Mar 21
- 11 — Fed Ckt ECF 131 erroneously granted Defendants' FALSE Motion to Dismiss appeal of DE DI 239 as FALSELY UNTIMELY. Ordered Dr. A to file appeal brief on DE DI 269 denying IFP by 8/4/2023, which it reversed on 12/21/22.
  June 5 — 2023
- 12 — Dr. A filed Emergency Motions to extend briefing schedule due to shingles in the eye, ECF 132, 133, 135, 136, to date not granted.
  Today

# Timeline: 20-1020(DE)/Fed Ckt Appeal 22-2121: *Arunachalam v. IBM, et al*

Dr. A. has been seriously ill, undergoing medical treatment at Stanford Hospital. CAFC has not granted to date her Emergency Motions to stay the briefing schedule until 1/1/24 on compassionate grounds for medical reasons, threatening to  dismiss the Appeal for failure to prosecute, allowing her to appeal DE court's denial of IFP on Jul 6, 2022, which CAFC already reversed on 12/21/2022, and not the real appeal on dismissal of civil rights case nor vexatious litigant  ruling. Can someone explain what is going on?

## * Footnotes:

### Item 1: Dec 29, 2021:

No Case Management Conference in 2 years. Judge Stark Order to Show Cause, NOT FINAL JUDGMENT,  ignoring that RGA, despite holding stock in JPM during the pendency of Cases 12-282 and 14-490, Denied  Motions to Recuse & Vacate Orders in 14-490 and 12-282, RGA ignoring that on 5/8/15, Judge Robinson Recused upon Dr. A.'s Motion of her Conflicts and that on  5/14/14, she granted JPM's MSJ, without applying Patent Prosecution History Estoppel or *stare decisis* Supreme Court precedents;  that on 2/9/16, RGA disclosed he bought JPM stock 3 years earlier and  Denied Dr A's Motions to Substitute as Plaintiff, as Real-Party-In-Interest as Assignee of Patents-in-suit, so as to not allow her to appeal.

### Item 10: Mar 21, 2023

Dr. A filed timely responses ECF 122 to  Court's ECF 121 and ECF 128, 129, 130 to Appellees' Motions to Dismiss as FALSELY UNTIMELY, ECF 125, 126, 127, which they were not, pointing out that she had filed timely response to Judge Stark's 12/29/21 Order to Show Cause (See Items 1 and 2), and filed a timely NOA within 30 days of Final Judgment of "vexatious litigant" (See Items 3 and 4).  Fed Ckt docketed NOA as timely (See Items 5 and 6). Fed Ckt took down Dr. A.'s responses ECF 129, 130  to Appellees' False Filings of Falsely Untimely NOA by Dr. A.

### Item 11: Jun 5, 2023

Fed Ckt Order ECF 131 erroneously Ordered Dr. A to file appeal brief on  DE DI 269 denying IFP, which CAFC reversed on 12/21/22 by granting fee waiver, by 8/4/2023, not allowing her to appeal the 'vexatious litigant' Jun 23, 2022 Order of DE DI 266, which Dr. A. timely appealed on  Jul 6, 2022.

### Item 1: Contd.

RGA continues to retaliate in all of Dr A's Cases, Wells Fargo Bank, Citigroup, Citizens Financial Group, Fulton Financial Corporation, Kronos, IBM, SAP, JP Morgan Chase & Co., after he lost subject matter jurisdiction upon buying JPM stock.  He refused to recuse, refused to prove jurisdiction upon challenge.  RGA retaliated by dismissing all of Dr A's cases without a Case Management Conference nor a hearing and  Ordered Defendants not to answer her Complaint.  Two years after her Supreme Court  Appeal, RGA ordered Defendants to untimely move for attorney's fees and granted $148K to Defendants for being in default.  RGA called Dr A a vexatious litigant,  for his own misconduct.                              `

12-00355-RGA  Citizens Financial Group, Inc.
13-01812-RGA  Wells Fargo Bank
14-00091-RGA  Kronos
14-00373-RGA  Citigroup, Inc.
14-00490-RGA  Fulton Financial Corporation
15-00259-RGA  Pazuniak
16-00281-RGA  IBM, SAP, JP Morgan

### Item 12: Jul 31, 2023

Dr. A. has been seriously ill, undergoing medical treatment at Stanford Hospital. CAFC has not granted to date her Emergency Motions to stay the briefing schedule until 1/1/24 on compassionate grounds for medical reasons, threatening to  dismiss the Appeal for failure to prosecute, allowing her to appeal the lower court's denial of IFP on Jul 6, 2022, which CAFC already reversed on 12/21/2021, and not the real appeal on dismissal of civil rights case nor vexatious litigant  ruling.  Can someone explain what is going on?

as Assignee of the patents-in-suit, so as to not allow her to appeal — making all Orders in that case 12-282-RGA and the Fulton Bank case 14-490-RGA and all of her other cases involving the patents-in-suit, void. On 5/8/2015, Judge Robinson ("SLR") disqualified herself from Case 12-282-RGA upon Plaintiff's motion of SLR's conflicts of interest. Yet, no vacatur to date — a material Court Error. On 5/14/2014, SLR failed to apply Patent Prosecution History— a material Court Error.

District Court's Filing Injunction, contrary to Patent Statutes, punishing lawful defense, as a Cover-Up for District Court Errors, propagated for a decade, into underlying Case 1:20-cv-1020. No Case Management Conference in over a decade, No Discovery, No Hearing, No Evidence of "vexatious litigant" — No basis in fact or the law. These are serious District Court Errors.

## III.    PTAB ERRORS

PTAB Judges McNamara's and Stephen C. Siu's own Financial Disclosure Statements prove they held stock in Microsoft and/or IBM, lost all subject matter jurisdiction in *all* of Dr. A's cases, failed to recuse and **their Orders are VOID.**

**PTAB Judge McNamara removed from the docket Dr. A's filings that raised his financial conflicts of interest**, thereafter denied her electronic filing, *disparately* required her to call a meeting with PTAB and opposing counsel to request docketing of her filings, threatened to invalidate her patents, harassed and

sanctioned her for PTAB errors, and deprived her of her well-established property rights.

## IV.    TIMELINE: 20-1020(DE)/FED CKT APPEAL 22-2121

The attached Timeline is a picture worth a thousand words.

**On 12/29/21**, District Court Judge Stark filed D.I.s 258/259 Order to Show Cause, **Not a Final Judgment**. **There was no Hearing, no Case Management Conference and no Discovery in over two years in that District Court Case.**

**On 6/23/22**, the DE District Court issued a Final Judgment D.I. 266, imposing a filing injunction, based on recklessly false non-factual information provided by Judge Noreika, who copied verbatim District Court Judge Stark's 12/29/21 Order.

**Dr. A did not file over 125 lawsuits, as a self-represented litigant**. Dr. A's companies' lawyers filed patent lawsuits in the name of the wrongly assigned entity and later refiled the same suits in the name of the correct entity against 62 infringers, not 125, as demanded by opposing counsel, Connie Huttner. Dr. A settled each and every one of the 125, rather 62 lawsuits. **Dr. A filed less than 10 lawsuits as a self-represented litigant**, into which the District Court's Errors were propagated.

**On 7/6/22**, Appellant Dr. A <u>timely</u> filed NOA of D.I. s 258/259/266 and Fee Waiver Motion within 30 days from 6/23/22, of the Final Judgment D.I. 266.

Yet the Court did not allow Dr. A to file an appeal brief on the civil rights case dismissal, despite Dr. A filing a timely NOA.

**On 8/16/22**, CAFC ECF 1 docketed Dr. A's Appeal 22-2121 as timely.

**On 3/21/23**, Dr. A. filed a timely response ECF 122 to CAFC Order ECF 121 questioning jurisdiction. Appellees filed Motions to Dismiss the Appeal, ECF 125, 126 and 127, based on false non-factual information of a <u>falsely untimely</u> NOA, which is completely untrue, from one glance at the docket. Dr. A filed timely responses ECF 128, 129 and 130 to Appellees' Motions to Dismiss. **CAFC took down from the docket Dr. A's responses ECF 129 and 130 to Appellees' False Filings of Falsely Untimely NOA by Dr. A**, where <u>she reiterated **she is NOT REQUIRED TO FILE AN INTERLOCUTORY APPEAL, BUT ONLY A FINAL APPEAL FROM A FINAL JUDGMENT**</u>. She pointed out that she had filed timely response to Judge Stark's 12/29/21 Order to Show Cause (See Items 1 and 2), and filed a timely NOA within 30 days of Final Judgment of "vexatious litigant" with filing injunction (See Items 3 and 4). CAFC docketed NOA as timely (See Items 5 and 6).

**On 6/5/23**, <u>CAFC erroneously granted Appellees' False Motions to Dismiss the Appeal as Falsely Untimely</u> in Order ECF 131 on the dismissal of the civil rights case. On 6/5/23, CAFC Order let Appellant appeal solely the District Court's 7/6/22 Fee Waiver Denial Order, already reversed by CAFC 12/21/22. On 8/2/23,

Appellant timely filed her Opening Appeal Brief. On 9/5/23, CAFC's <u>Corrected Order ECF 144, upon DOJ's Motion by Defendants, allowed Dr. A to appeal the District Court's 6/23/22 filing injunction Order</u>. This requires 75-year old Dr. A to work at the desktop defying her Stanford doctor's Orders while trying to recover from a year-long serious illness, like Senator Dianne Feinstein's illness, for which Dr. A is still undergoing medical treatment at Stanford Hospital.

## SUMMARY OF ARGUMENT

The Sections *supra* on Statements of Issues, of Case, and of Facts are incorporated by reference herewith as if stated fully herein in this Section. Judicial Disqualification Statute demanding vacatur of judicial decisions has been screaming for attention for over a decade. District Court Errors, propagated for a decade, into underlying Case 1:20-cv-1020, cannot be blamed upon Dr. A. District Court's Order punishing Dr A for her lawful defense with a Filing Injunction is contrary to Patent Statutes that allow Patentee to sue infringers, and is a cover-up for the District Court's own Errors.

## ARGUMENTS

The Sections *supra* on Statements of Issues, of Case, of Facts and Summary of Argument are incorporated by reference herewith as if stated fully herein in this Section.

**I.    Standard of Review:** Judicial canons; <u>Judicial Disqualification Statute</u>

<u>demanding vacatur of judicial decisions</u>; The **Federal Circuit's decision**

in ***Centripetal Networks, Inc. v. Cisco Sys., Inc.***, 38 F.4th 1025 (Fed. Cir. 2022) is

**valuable precedential Case Law** on **Judicial Recusal and Vacatur of Judicial**

**Decisions when a judge has disqualifying financial interest**. **WSJ did an**

**investigation in over 131 cases and reversed them all for judicial stock**

**ownership**.

**II.    Wall Street Journal investigated 131 Federal Judges with financial conflicts of interest who failed to recuse, as here, namely, DE District Court Judge Richard G. Andrews ("RGA"), Judge Sue L. Robinson ("SLR") and PTAB Judges Brian McNamara and Stephen C. Siu:**

Vacatur of judicial decisions by Judge Andrews and Judge Robinson is in order.

*See supra* pp 1-2.

<u>Dozens of Federal Judges Had Financial Conflicts: What You Need to Know - WSJ</u>

<u>The Federal Law That 138 Judges Have Broken - The Journal. - WSJ Podcasts</u>

<u>Federal Judges Broke US Law on Conflict of Interest With Stock Holdings (businessinsider.com)</u>

- **131 federal judges breached US law by failing to recuse themselves from lawsuits in which they held a financial interest, WSJ found.**
- **61 judges or their families didn't just hold stocks in companies they were overseeing in court, they also traded them during cases.**

<u>How The Wall Street Journal found 131 federal judges who broke the law by hearing cases where they had a financial interest | Nieman Journalism Lab (niemanlab.org)</u>

Federal Judges With Financial Conflicts - WSJ

131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest - WSJ

131 federal judges failed to recuse themselves from cases in which they had financial interest: report ׀ The Hill

Federal Judges Failed to Recuse in Hundreds of Cases (reason.com)

131 federal judges oversaw cases involving companies in which they or their families owned stock (abajournal.com)

### SUMMARY

"The judges failed to recuse themselves from 685 lawsuits from 2010 to 2018 involving firms in which they or their family held shares, a Wall Street Journal investigation found."

Over 100 Federal Judges Heard Cases Despite Conflicts Of Interest, Report Says (forbes.com)

**III.    The Federal Circuit's decision in *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025 (Fed. Cir. 2022) is a <u>valuable precedential ruling</u> on Judicial Recusal and Vacatur of Judicial Decisions when a judge has disqualifying financial interest.**

*See* Dennis Crouch's article of September 19, 2022 in *Patently-O Daily Review: Supreme Court: **<u>Judicial Stock Ownership and the Requirements of Recusal</u>**.* Dennis Crouch wrote about the Federal Circuit's *Centripetal Networks v. Cisco* decision. Dennis Crouch, **<u>Judicial Recusal Order Saves Cisco $2.75 Billion</u>**, Patently-O (June 23, 2022). Before the Federal Circuit, **<u>Cisco had argued that the statute demands vacatur of all judicial decisions</u>** starting from the August 11 date **<u>when Judge Morgan learned of his disqualifying financial</u>**

**interest**. "Any other outcome would send the undesirable message that this Court does not take the disqualification statute seriously and would undermine public confidence in the judiciary." CAFC's decision was authored by Judge Dyk and joined by Judges Taranto and Cunningham. This is <u>valuable precedential case law, CAFC reversing the ruling by a judge whose wife had stock in a litigant applies to Dr. A's cases, because Judge Andrews had direct common stock in JPMorgan and PTAB Judges held direct stock in Microsoft.</u>

## IV.  District Court's erroneous ruling of 'vexatious litigant' with filing injunction by a recklessly misinformed Judge Noreika, provides no evidence of facts or the law, copied verbatim District Court Judge Stark's 12/29/21 Order.

*See supra* pp 6-7. The attached <u>Timeline: 20-1020(DE)/Fed Ckt Appeal 22-2121: Arunachalam v. IBM, et al</u> <u>proves Dr. A filed a timely NOA, falsely alleged by Defendant-Appellees as falsely untimely.</u>

### i.  Dr. A filed LESS than 10 lawsuits as a self-represented litigant, not 125, as recklessly alleged falsely by Judge Noreika, in each of which District Court Errors were propagated for over a decade into the underlying Case 20-1020. Filing patent lawsuits is allowed by Patent Statutes and does not make her a 'vexatious litigant' requiring filing injunction.

Dr. A.'s companies' lawyers filed patent lawsuits in the name of the wrongly assigned entity and later refiled the same suits in the name of the correct entity against 62 infringers, not 125. **Dr. A settled each and every one of the 125, rather 62 lawsuits.**

## V.   Dr. A WAS NOT REQUIRED TO FILE AN INTERLOCUTORY APPEAL, BUT ONLY A FINAL APPEAL FROM A FINAL JUDGMENT.

On 7/6/2022, Dr. A. **filed a timely NOA and Fee Waiver Motion**, in less than 30 days of the date of Final Judgment of 6/23/2022.

Appellees filed Motions to Dismiss the Appeal, ECF 125, 126 and 127, based on false non-factual information of a <u>falsely untimely</u> NOA, which is completely untrue, from even one glance at the docket. Dr. A filed timely responses ECF 128, 129 and 130 to Appellees' Motions to Dismiss. **CAFC took down from the docket Dr. A's responses ECF 129 and 130 to Appellees' False Filings of Falsely Untimely NOA by Dr. A**.

On 6/5/2023, <u>CAFC erroneously granted Appellees' False Motions to Dismiss the Appeal as <u>Falsely Untimely</u> in Order ECF 131.

CAFC did not grant Dr. A's Emergency Motions ECF 132, 133, 135, 136 to extend the Briefing Schedule until 1/1/2024 **based on compassionate grounds for medical reasons**, threatened to dismiss the Appeal for failure to prosecute, not allowing her to file the  real appeal, timely filed, on dismissal of civil rights case.

1.     Dr. A is 75 years old, seriously ill, like Senator Diane Feinstein, for a year, undergoing medical treatment at Stanford Hospital.

2.     <u>Dr. A has never had a Case Management Conference, nor has she been allowed to be a litigant in over a decade, let alone a 'vexatious litigant.'</u>

**VI.** <u>**In his 12/29/2021 Order D.I. 258/259, District Court Judge Stark ignored that**</u>:

**A.**     Judges Andrews ("RGA") and Robinson ("SLR") presided over Dr. A's cases, involving her patents-in-suit despite disqualifying financial interests demanding vacatur of their judicial decisions, and further without considering Patent Prosecution History. *See supra* p. 4. RGA denied Dr. A's Motions to Substitute as Plaintiff as the Real-Party-in-Interest as Assignee of the patents-in-suit, so as to not allow her to appeal — making all Orders void in Cases 12-282-RGA and 14-490-RGA and all of her other cases involving the patents-in-suit.

**B.**     <u>**The District Court did not consider Patent Prosecution History**</u>, cast in stone at the USPTO, which has clearly defined the claim terms, wrongfully deemed "indefinite." The Patent Prosecution History evidences that Dr. A's patent claim terms are not indefinite and her patent claims are not invalid.

**C.**     **The Court Must Take Judicial Notice Of:** the Prosecution Histories of Appellant's U.S. Patent Nos. 6,212,556; 5,987,500; 5,778,178; 7,340,506; 7,930,340; 8,037,158; 7,930,340; 8,108,492; 8,271,339 and all of her patents.

**D.**     **Courts failed to consider the facts and the law.** Dr. A hereby files this *__Traverse Special__* against the entire (*false*) processes and Orders of the District Court Case 1:20-cv-01020-LPS/Noreika/GBW.

**E.    Courts/PTAB denied Dr. A/Inventor the protection from Patent Prosecution History, a key contract term between the Inventor and Government:**

Precedential Supreme Court and Federal Circuit Rulings including at least *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002); *Kumar v. Ovonic Battery Co., Inc. And Energy Conversion Devices, Inc.*, Fed. Cir. 02-1551, -1574, 03-1091 (2003), 351 F.3d 1364, 1368, 69. (2004), restrain Courts from failing to consider Patent Prosecution History.

> *"*Mr. Justice Swayne: "A **right without** a **remedy** is as **if** it **were not**. For **every beneficial purpose** it **may** be **said not** to **exist**." *Von Hoffman v City of Quincy,* 71 U.S.(4 Wall.) 535, 552, 554, 604 (1867).

### CONCLUSION AND STATEMENT OF RELIEF SOUGHT

**District Court Errors call for vacatur of District Court rulings**. Appellant respectfully requests CAFC to vacate **all** lower Court rulings, and Order the parties to enter into the Appellate Mediation Program to save embarrassment to other courts and Judges. **Oral hearing is requested**. Certificate of Service is attached.

September 28, 2023              Respectfully submitted,

Dr. Lakshmi Arunachalam
222 Stanford Avenue, Menlo Park, CA 94025
Tel: 650.690.0995; Email: laks22002@yahoo.com

*Pro Se Plaintiff-Appellant,*
*Lakshmi Arunachalam*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CONFIDENTIAL JOINT REQUEST TO ENTER
## APPELLATE MEDIATION PROGRAM

**Case Number:** 22-2121

**Short Case Caption:** Lakshmi Arunachalam v. International Business Machines Corporation, et al

We would like the above case considered for entry into the Appellate Mediation Program (counsel for all parties must sign).

Signature of Counsel for:  [✔] Appellant/Petitioner      [ ] Cross-Appellant
                           [ ] Appellee/Respondent       [ ] Intervenor

Name of Party Represented: Dr. Lakshmi Arunachalam

Law Firm: Self-Represented Plaintiff-Appellant

Address: 222 Stanford Avenue, Menlo Park, CA 94025

Phone Number: 650 690 0995        Email Address: laks22002@yahoo.com

Date: 03/30/2023          Signature: *Lakshmi Arunachalam*

                          Name: Dr. Lakshmi Arunachalam

Signature of Counsel for:  [ ] Appellant/Petitioner      [ ] Cross-Appellant
                           [✔] Appellee/Respondent       [ ] Intervenor

Name of Party Represented: _____

Law Firm: _____

Address: _____

Phone Number: _____  Email Address: _____

Date: _____          Signature: _____

                                 Name: _____

This Joint Mediation Request must be submitted to the Circuit Mediation
Administrator.  Please send the completed form to

Circuit Mediation Administrator
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### Dr. Lakshmi Arunachalam
v.
### International Business Machines Corporation, *et al,*
### No. 22-2121

### CERTIFICATE OF SERVICE

I certify that on 9/28/2023, I sent a copy of this brief and any attachments to:

> Tharan Gregory Lanier       tglanier@jonesday.com
> JONES DAY,
> 1755 Embarcadero Road, Palo Alto, CA 94303
> Tel: 650.739-3939
> *Attorneys for Defendant-Appellees SAP America, Inc. and to T.G.*
> *Lanier, Joseph Beauchamp; and to:*

RAMSEY M. AL-SALAM & FISERV, Inc.
    Defendant - Appellee

Joanna J. Cline, -
Direct: 302-777-6500
Email: Joanna.Cline@troutman.com
Troutman Pepper Hamilton Sanders LLP
1313 Market Street, Suite 5100
Wilmington, DE 19899

INTERNATIONAL BUSINESS MACHINES
CORPORATION
    Defendant - Appellee

Mark J. Abate, Attorney
Direct: 212-813-8800
Email: mabate@goodwinlaw.com
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue, New York, NY 10018

JPMORGAN CHASE & CO., Edward L. Tulin, Doug
Nemec, Robert Scott Saunders, Jessica Kunz,
    Defendant - Appellees

Cliff C. Gardner
Direct: 302-651-3165
Email: cliff.gardner@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square, PO Box 636
Wilmington, DE 19899

KEVIN J. CULLIGAN, Mark Abate, Matthew J.
Parker, Sasha G. Rao,
    Defendant - Appellees

John Hintz
Direct: 646-609-9284
Email: jhintz@maynardnexsen.com
Maynard Nexsen PC
Suite 1600, The Fred F. French Building
551 Fifth Avenue, New York, NY 10176

APPLE INC.

Anne Marie Cappella, Esq.

| | |
|---|---|
| Defendant - Appellee | Direct: 650-802-3141<br>Email: anne.cappella@weil.com<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| FACEBOOK, INC.<br>Defendant - Appellee | Eric Shumsky, Attorney<br>Direct: 202-339-8400<br>Email: eshumsky@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, NW<br>Columbia Center, Washington, DC 20005 |
| ALPHABET INC.<br>Defendant - Appellee | Ryan Ronald Smith<br>Direct: 206-883-2500<br>Email: rsmith@wsgr.com<br>Wilson, Sonsini, Goodrich & Rosati, PC<br>Suite 5100, 701 Fifth Avenue<br>Seattle, WA 98104 |
| MICROSOFT CORPORATION, GARTH WINN<br>Defendant - Appellees | Kristin L. Cleveland, Esq.<br>Direct: 503-595-5300<br>Email: kristin.cleveland@klarquist.com<br>Klarquist Sparkman, LLP<br>121 SW Salmon Street<br>Suite 1600, Portland, OR 97204 |
| WELLS FARGO BANK, N.A.<br>Defendant - Appellee | Dustin James Edwards<br>Direct: 713-651-2600<br>Email: dedwards@winston.com<br>Winston & Strawn LLP<br>25th Floor, 800 Capitol Street<br>Houston, TX 77002-2925 |
| FULTON FINANCIAL CORPORATION<br>Defendant - Appellee | Benjamin Schladweiler, -<br>Direct: 302-576-1600<br>Email: schladweilerb@gtlaw.com<br>Greenberg Traurig LLP<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801 |
| SAMSUNG ELECTRONICS AMERICA, INC.<br>Defendant - Appellee | Philip A. Irwin, Esq.<br>Direct: 212-841-1190<br>Email: pirwin@cov.com<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue, New York, NY 10018 |
| ECLIPSE FOUNDATION, INC.<br>Defendant - Appellee | Baldassare Vinti, Attorney<br>Direct: 212-969-3249<br>Email: bvinti@proskauer.com<br>Proskauer Rose LLP<br>11 Times Square, New York, NY 10036 |
| CLAIRE T. CORMIER, ALAN D. ALBRIGHT,<br>KRISTIE DAVIS, ROBERT W. SCHROEDER, III,<br>CAROLINE CRAVEN, RYAN T.HOLTE, SCOTT<br>DAVID BOLDEN | Dylan J. Steinberg, Assistant U.S. Attorney<br>Direct: 302-573-6277<br>Email: dylan.steinberg@usdoj.gov<br>United States Attorney's Office |

|  |  |
|---|---|
| Defendant - Appellees | 1313 North Market Street, Suite 400<br>Wilmington, DE 19801 |
|  | Melissa N. Patterson, Attorney<br>Email: melissa.patterson@usdoj.gov<br>Department of Justice<br>Civil Division, Appellate Staff<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 |
|  | Martin Totaro, Senior Counsel<br>Direct: 202-514-5048<br>Email: martin.v.totaro@usdoj.gov<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| MICHAEL Q. LEE, LORI A. GORDON<br>Defendant - Appellees | Adam LaRock<br>Direct: 202-371-2600<br>Email: alarock@sternekessler.com<br>Sterne Kessler Goldstein & Fox, PLLC<br>1100 New York Avenue NW, Suite 600<br>Washington, DC 20005 |
| DAVID ELLIS MOORE, CANDICE CLAIRE<br>DECAIRE, ANDREW JAMES ISBESTER<br>Defendant - Appellees | Jonathan A. Choa, Attorney<br>Direct: 302-984-6000<br>Email: jchoa@potteranderson.com<br>Potter Anderson & Corroon, LLP<br>1313 N Market Street<br>Hercules Plaza, 6th Floor, PO Box 951<br>Wilmington, DE 19899 |
| CITIGROUP, INC, CITICORP, CITIBANK, N.A. .<br>Defendant - Appellee | Eric Sophir<br>Direct: 202-295-4149<br>Email: esophir@foley.com<br>Foley & Lardner LLP<br>3000 K Street NW<br>Washington, DC 20007 |
| MICHAEL J. SACKSTEDER<br>Defendant - Appellee | Bryan Alexander Kohm<br>Direct: 415-875-2300<br>Email: bkohm@fenwick.com<br>Fenwick & West LLP<br>555 California Street, San Francisco, CA 94104 |
| LYFT, INC.<br>Defendant - Appellee | Jeremy Taylor, -<br>Direct: 415-291-6202<br>Email: jeremy.taylor@bakerbotts.com<br>Baker Botts LLP<br>Suite 3600, 101 California Street<br>San Francisco, CA 94111 |
| UBER TECHNOLOGIES, INC.<br>Defendant - Appellee | Philip A. Rovner, Attorney<br>Direct: 302-984-6140<br>Email: provner@potteranderson.com<br>Potter Anderson & Corroon, LLP<br>6th Floor<br>1313 N Market Street |

|  | Hercules Plaza, 6th Floor, PO Box 951<br>Wilmington, DE 19899 |
|---|---|
| EXXON MOBIL CORPORATION, JOHN ALLEN YATES, JOHN H.BARR,<br>Defendant - Appellees | Matthew Donelson, Attorney<br>Direct: 302-467-1881<br>Email: mdonelson@elzufon.com<br>Elzufon Austin Tarlov & Mondell, PA<br>300 Delaware Aveue, Suite 800<br>Wilmington, DE 19801 |
| INTUIT, INC.<br>Defendant - Appellee | Michael John Sacksteder, Esq.<br>Direct: 415-875-2300<br>Email: msacksteder@fenwick.com<br>Fenwick & West LLP<br>555 California Street, San Francisco, CA 94104 |
| DOMINICK GATTUSO<br>Defendant - Appellee | Kurt M. Heyman, Counsel<br>Direct: 302-472-7300<br>Email: kheyman@hegh.la<br>Heyman Enerio Gattuso & Hirzel LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801 |
| KRONOS INCORPORATED<br>Defendant - Appellee | William C. Saturley, Esq., Attorney<br>Direct: 603-410-1557<br>Email: wsaturley@preti.com<br>Preti Flaherty Beliveau & Pachios LLP<br>57 North Main Street, PO Box 1318<br>Concord, NH 03302 |

and one original and 6 copies via Fedex to: Clerk of Court, U. S.  Court of Appeals for the Federal Circuit, 717 Madison Place NW, Washington, DC 20439.

September 28, 2023                           Respectfully submitted,

*Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam
222 Stanford Avenue,
Menlo Park, CA 94025
Tel: 650.690.0995
Email: laks22002@yahoo.com
*Pro Se Plaintiff-Appellant*,
*Lakshmi Arunachalam*

**CERTIFICATE OF COMPLIANCE WITH FRAP 32(A)(7)(B)**

The undersigned hereby certifies that this brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B).

1.    The brief contains 3088 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.    The brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

September 28, 2023                          Respectfully submitted,

Dr. Lakshmi Arunachalam
222 Stanford Avenue,
Menlo Park, CA 94025
Tel: 650.690.0995
Email: laks22002@yahoo.com

*Pro Se Plaintiff-Appellant,*
*Lakshmi Arunachalam*

# ADDENDUM

## Table of Contents for Addendum

| No. | Title of Document | Date | Page No. |
|---|---|---|---|
| 1 | Order (D.I. 259) Order to Show Cause; ORDER, Defendants' motions to dismiss are GRANTED. (D.I. 179 , 186 , 189 , 191 , 193 , 194 , 195 , 196 , 198 , 199 , 202 , 203 , 204 , 205 , 206 , 210 , 211 , 212 , 215 , 216 , 217 , 221 , 223 , 226 , and 234 ) Amendment is futile as to all claims. On or before January 31, 2022, Plaintiff shall SHOW CAUSE, in writing, why she should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, related to: (i)the patents she held or holds, (ii) the more than 100 patent lawsuits she has filed, (iii) patent infringement, and/ or (iv) any and all actions taken by individuals and corporations during the course of patent litigation involving Plaintiff. (See Order for further details)Signed by Judge Leonard P. Stark on 12/29/2021. (smg) (Entered: 12/29/2021) | 12/29/2021 | APPX1 to APPX2 |
| 2 | D.I. 258, MEMORANDUM OPINION. Signed by Judge Leonard P. Stark on 12/29/2021. (smg) (Entered: 12/29/2021) | 12/29/2021 | APPX3 to APPX34 |
| 3 | FINAL JUDGMENT (D.I. 266) ORDER, Plaintiff is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus, related to: (i) the patents she holds; (ii) the more than 100 patent lawsuits she has filed, (iii) patent infringement, and/or (iv) any and all actions taken by individuals during the course of patent litigation involving Plaintiff. Plaintiff must file a motion for leave to file with any new complaint, lawsuit, or petition for writ of mandamus that she proposes to file and must attach a copy of this | 6/23/2022 | APPX35 to APPX40 |

| | | | |
|---|---|---|---|
| | Memorandum Order to it. The motion shall be filed as a miscellaneous case. The Clerks Office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted. Plaintiff is placed on notice that should leave be granted but the case is not properly venued in this district, the Court will transfer the case to the proper venue without ruling on the merits of the case and without ruling on any motions, including motions for leave to proceed in forma pauperis. (SEE ORDER FOR FURTHER DETAILS) Signed by Judge Maryellen Noreika on 6/23/2022. (apk) (Entered: 06/23/2022) | | |
| 4 | Order (D.I.269) | 7/6/2022 | APPX41 |